| | |
|---|---|
| **ALLACCESS LAW GROUP**<br>Irene Karbelashvili, SBN 232223<br>irene@allaccesslawgroup.com<br>Irakli Karbelashvili, SBN 302971<br>irakli@allaccesslawgroup.com<br>1400 Coleman Ave Ste F28<br>Santa Clara, CA 95050<br>Telephone:   (408) 295-0137<br>Facsimile:   (408) 295-0142<br><br>Attorneys for JAMES STOCKMAN, Plaintiff | **SPINELLI, DONALD & NOTT**<br>A Professional Corporation<br>J. SCOTT DONALD, SBN: 158338<br>601 University Avenue, Suite 225<br>Sacramento, CA 95825<br>Telephone: (916) 448-7888<br>Facsimile: (916) 448-6888<br><br>Attorneys for Defendant<br>MICHAEL G. ADELBEG, M.D.<br>A PROFESSIONAL CORPORATION dba<br>ADELBERG ASSOCIATES MEDICAL GROUP |
| **LEWIS BRISBOIS BISGAARD & SMITH LLP**<br>RICHARD A. SULLIVAN, SB# 201544<br>SHANE SINGH, SB# 202733<br>2020 West El Camino Avenue, Suite 700<br>Sacramento, California 95833<br>Telephone: 916.564.5400<br>Facsimile: 916.564.5444<br><br>Attorneys for Defendant, EMU PROPERTIES, LLC | |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| JAMES STOCKMAN<br><br>    Plaintiff,<br><br>v.<br><br>EMU PROPERTIES LLC, a California limited liability company; MICHAEL G. ADELBERG, M.D., A PROFESSIONAL CORPORATION dba ADELBERG ASSOCIATES MEDICAL GROUP; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 2:19-cv-01778-MCE-DB<br><u>Civil Rights</u><br><br>**CONSENT DECREE AND ORDER FOR INJUNCTIVE RELIEF, DAMAGES, AND ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS**<br><br>Action Filed: September 6, 2019 |

1. Plaintiff JAMES STOCKMAN filed a Complaint in this action on September 6, 2019, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws and to obtain recovery of damages for discriminatory experiences, denial of access, and denial of civil rights against Defendants EMU PROPERTIES LLC and MICHAEL G. ADELBERG, M.D. ("Defendants"). Plaintiff has alleged that Defendants violated Title III of the ADA; Sections 51, 52, 54, 54.1, 54.3, of the California Civil Code, premises liability and negligence by failing to provide full and equal access to users of the facilities located at 1803 W March Ln Stockton, CA 95207.

2. In order to avoid the costs, expense, and uncertainty of protracted litigation, Plaintiff and Defendants (together sometimes the "Parties") agree to entry of this Consent Decree and Order to resolve all claims regarding injunctive relief, damages, and attorney's fees, litigation expenses and costs, raised in the Complaint without the need for protracted litigation. Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for relief.

**JURISDICTION:**

3. The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Civil Code sections 51, 54, and 54.1.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provide as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

4. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject Complaint.

5. The Parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Standards for Accessible Design, unless other standards are specifically agreed to in this Consent Decree and Order.

   a. **Physical Remedial Measures:** The corrective work agreed upon by the Parties is set forth in **Attachment A.**

   b. **Timing**: Defendants will apply for the necessary permits to complete each item on the schedule within 120days of the date of the Order on this Consent Decree. Defendants will complete each item on the schedule stated in this Consent Decree within six months of receipt of approval on those necessary permits. In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief, Defendants or its counsel will notify Plaintiff's counsel in writing within seven (7) days of discovering the delay. Plaintiff will have thirty (30) days to investigate and meet and confer with Defendants, and to approve the delay by stipulation or otherwise respond to Defendants' notice. If the Parties cannot reach agreement regarding the delay within that time period, Plaintiff may seek enforcement by the Court.

   c. If Defendants fail to provide injunctive relief on the agreed upon timetable and Plaintiff files a motion with the Court to obtain compliance with these terms, Plaintiff reserves the right to seek additional attorney's fees for any compliance work necessitated by Defendants' failure to keep this agreement. If the Parties disagree, the parties agree to participate in a Magistrate Judge-conducted Settlement Conference for the purposes of resolving the disputed fees. If the Settlement Conference fails to resolve the fee dispute, Plaintiff may

        seek relief via motion for an order directing the Defendants to pay Plaintiff's counsel reasonably incurred fees.

**DAMAGES, ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:**

6.    Defendants agree to pay Plaintiff a total of Twenty Thousand Dollars ($20,000) for Plaintiff's damages, attorney fees, litigation expenses, and costs ("Settlement Payment"). The Settlement Payment shall be paid by check to "California IOLTA Trust AllAccess Law Group" and delivered to Plaintiff's counsel's office, located at 1400 Coleman Ave Ste F28 Santa Clara, CA 95050 within ten (10) calendar days of the Order on this Consent Decree. Within five (5) calendar days of receipt of the Settlement Payment, Plaintiff shall circulate a stipulation of dismissal of this action with prejudice pursuant to Fed. R. Civ. P. 41(a)(2) for Defendants review and approval. The dismissal stipulation shall explicitly request that the Court retain jurisdiction over the Consent Decree and Order.

**ENTIRE CONSENT DECREE AND ORDER:**

7.    This Consent Decree and Order constitute the entire agreement between the signing Parties on the matters of injunctive relief, damages, attorney's fees, litigation expenses, and costs, and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters of injunctive relief described herein.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

8.    This Consent Decree and Order shall be binding on Plaintiff, Defendants, and any successors-in-interest. Defendants have a duty to so notify all such successors-in-interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order. Except for all obligations required in this

Consent Decree and Order each of the Parties to this Consent Decree and Order, on behalf of each of their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:**

9. Each of the Parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all obligations required in this Consent Decree and Order, the Parties intend that this Consent Decree and Order apply to all such further loss with respect to the lawsuit, except those caused by the Parties subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions, and causes of action by the Parties to this Consent Decree with respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, THAT IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASING PARTY.**

///
///
///

1    10.   Except for all obligations required in this Consent Decree and Order each of the Parties to this Consent Decree and Order, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER:**

11.   This Consent Decree and Order shall be in full force and effect for a period of eighteen (18) months after the date of entry of this Consent Decree and Order by the Court.

**SEVERABILITY:**

12.   If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

13.   Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts, and via DocuSign, and a facsimile signature shall have the same force and effect as an original signature.

**END OF PAGE.**
**SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE END OF THE DOCUMENT.**

| | |
|---|---|
| Dated:  December 10, 2020 | PLAINTIFF JAMES STOCKMAN |

_____/s/_____
JAMES STOCKMAN

Dated:  December 10, 2020                    DEFENDANT EMU PROPERTIES LLC

By:  \_\_\_\_\_/s/_____
Print name:  Everett C. Upham
Title:  Manager

Dated:  December 10, 2020                    DEFENDANT MICHAEL G. ADELBERG, M.D., A PROFESSIONAL CORPORATION dba ADELBERG ASSOCIATES MEDICAL GROUP

By: \_/s/_____
Print name: Michael G.Adelbert
Title: CEO

Approved as to form:

Dated: December 10, 2020                     ALLACCESS LAW GROUP

_____*/s/*_____
By:  Irakli Karbelashvili.
Attorneys for Plaintiff
JAMES STOCKMAN

Dated: December 11, 2020                     **LEWIS BRISBOIS BISGAARD & SMITH LLP**

_____/s/_____
By:  RICHARD SULLIVAN
Attorneys for Defendant
EMU PROPERTIES, LLC

///

///

///

Dated:  December 9, 2020						SPINELLI, DONALD & NOTT


						_____/s/_____
						By:  J. SCOTT DONALD
						Attorneys for Defendant
						MICHAEL G. ADELBERG, M.D., A
						PROFESSIONAL CORPORATION dba
						ADELBERG ASSOCIATES MEDICAL GROUP


### ORDER

In accordance with the foregoing stipulation of the parties, and for good cause shown,

IT IS SO ORDERED.

Dated:  December 21, 2020

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE